UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADLIFE MARKETING &
COMMUNICATIONS COMPANY, INC.,

                        Plaintiff,                      19-cv-3732 (PKC)

       -against-                        <u>ORDER</u>

JUNE MEDIA INC.,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Plaintiff Adlife Marketing & Communications Company, Inc. ("Adlife") moves for the entry of default judgment against defendant June Media Inc. ("June Media") pursuant to Rule 55(b), Fed. R. Civ. P., and Local Civil Rule 55.2. (Docket # 39.) For the reasons that will be explained, the motion will be granted. Adlife will be awarded statutory damages totaling $18,000, plus attorneys' fees and expenses totaling $1,205.

The Complaint in this action was filed on April 25, 2019, and amended complaints were filed on July 17, 2019 and July 26, 2019. (Docket # 1, 13, 18.) Adlife brings one claim of copyright infringement and asserts that June Media published twelve of Adlife's copyrighted photos on its website. (2d Am. Compl't ¶¶ 7-18.)

June Media filed an Answer on August 15, 2019. (Docket # 19.) On December 5, 2019, the Court granted an application to withdraw that was filed by June Media's attorney, noting the attorney's representation that all officers and directors had resigned from the company. (Docket # 25.) That Order advised June Media in all-capitalized, boldfaced language that because June Media was not a natural person, it must appear through an attorney. (<u>Id.</u>)

Since that Order, no notice of appearance has been filed on behalf of June Media. June Media did not appear at a pretrial conference of February 7, 2020, and the Court directed Adlife to move for entry of default judgment within 30 days. (Feb. 7, 2020 Minute Entry.)

Adlife did not timely move for entry of default judgment. On September 29, 2020, the Court issued an Order directing Adlife to show cause in writing why its case ought not be dismissed for failure to prosecute. (Docket # 33.) Adlife responded that it wished to proceed and that an earlier application to the Clerk of Court for a certificate of default had been denied on technical grounds. (Docket # 38.) Adlife filed this motion on October 21, 2020. (Docket # 39.) The Court declines to dismiss this case for failure to prosecute and will proceed with the adjudication of Adlife's default motion.

The Clerk of Court issued a Certificate of Default against June Media on October 7, 2020. (Docket # 37.) The Court is satisfied that it has personal jurisdiction over June Media, which is alleged to have its principal place of business in New York. The Court also is satisfied that it has subject matter jurisdiction over this action under the Copyright Act.

To establish liability for copyright infringement, a plaintiff must prove ownership of a valid copyright and "'copying of constituent elements of work that are original.'" Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2011) (quoting Feist Publishing, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted. See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019). Here, the Second Amended Complaint plausibly alleges that Adlife owns the copyrights of twelve food-related photographs and that June Media published those photos on its recipe-focused website without permission or consent. The Second

Amended Complaint annexes Adlife's copyright registrations for the photos.  The Court concludes that entry of default judgment is appropriate as to liability.

Adlife seeks statutory damages in the amount of $5,000 for each of the twelve works infringed, for a total award of $60,000.  See 17 U.S.C. § 504(c).  The Copyright Act provides for statutory damages of not less than $750 or more than $30,000 for each infringed work.  Id. § 504(c)(1).  Adlife urges that a total award of $60,000 is warranted in order to advance the interest of deterrence.

District courts have wide discretion to determine statutory damages.  See, e.g., Bryant v. Media Right Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010).  "When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."  Id. at 144.

The Court has considered these factors and concludes that statutory damages of $1,500 per infringing work is appropriate, for a damages award totaling $18,000.  The $1,500 figure accounts for the goals of deterrence, the conduct and attitude of the defendant as reflected in its default, the lack of cooperation in providing evidence as reflected in its default, and the willfulness of infringement.  It also accounts for the context of the acts of infringement and the absence of evidence as to plaintiff's losses.  (Liebowitz Dec. ¶ 23 ("Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses . . . .").)  This award is sufficient, but not greater than necessary, to vindicate the goals of 17 U.S.C. § 504(c).

Adlife also seeks attorneys' fees of $765 and expenses of $440.  The attorneys' fees reflect 1.8 hours of attorney time at a $425 hourly rate and the expenses reflect a $400 filing fee and $40 to effectuate service of process.  (Liebowitz Dec. ¶ 30.)  The Court concludes that the fees and expenses are reasonable.

CONCLUSION.

Plaintiff's motion for entry of default judgment is GRANTED.  (Docket # 39.)  Plaintiff is awarded $18,000 in damages, plus $765 in attorneys' fees and $440 in expenses.  The Clerk is directed to terminate the motion, enter judgment for the plaintiff and close the case.

SO ORDERED.

                                                      P. Kevin Castel
                                          United States District Judge

Dated: New York, New York
         March 22, 2021